By the Court
: Barber was indicted for maliciously cutting Darling, with intent to kill him. The statute provides: “ Whoever maliciously shoots, stabs, cuts or shoots at, another person, with intent to kill, wound or maim such person, shall be imprisoned in the penitentiary not more than twenty nor less than one year.” Rev. Stat., § 6820. Plea, not guilty. Verdict, guilty of maliciously cutting with intent to wound. Sentence, penitentiary for two years.
“ Upon any indictment the jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit the same, if such attempt is an offense; when the indictment charges an offense including different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of an inferior degree ; and if the offense charged is murder, and the accused is convicted by confession in open court, the court shall examine the witnesses, and determine the degree of the crime, and pronounce sentence accordingly.” Rev. Stats., ■§ 7316.
An assault and battery is a degree inferior to the principal *661 offense charged in the indictment, and hence, the defendant might be found guilty of an assault and battery under this indictment. Heller v. The State, 23 Ohio St. 582. But he could not, upon this indictment, be properly found gnilty of maliciously cutting with intent to wound. That is not an “inferior degree” to that chai’ged in the indictment, within the meaning of the statute, but is of the same degree, and may be punished with equal severity. Cutting with the specific intent of wounding not being charged in this indictment, there can be no conviction under it of that offense.

Judgment reversed and cause remanded for further proceedings.